## Mattie Seymour, by next friend, v. Union Stock Yards & Transit Company, et al.

### Gen. No. 12,247.

1. NEGLIGENCE—*what not, within rule of "allurement."* The maintenance of a clay bank not intrinsically dangerous does not come within that class of cases which may render the owner of land liable for injuries resulting to children arising from the maintenance upon their land of objects of allurement or attractiveness to children.

2. NEGLIGENCE—*what does not constitute.* It is not negligence for the owner of land adjoining a railroad track to fail to maintain a safe pathway upon the side thereof or to erect a barrier between the same and such track so as to safeguard children engaged in "tagging" passing cars.

3. PROXIMATE CAUSE—*what not.* The maintenance of a clay bank is not the proximate cause of an injury to a child who has ceased to play with the clay and has attempted to run upon the pile of clay alongside a moving train and in doing so falls under the car and is injured.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed March 6, 1906.

B. J. WELLMAN, for appellant; ARTHUR A. HOUSE, of counsel.

WINSTON, PAYNE & STRAWN, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment on a directed verdict for the defendants in an action on the case for personal injuries.

The right of way of appellee, the Union Stock Yards and Transit Company, is on the south side of 49th street, from Wallace west to Halsted street in Chicago. The right of way extended north from the north rail of the railroad track not less than six nor more than seven feet, and there was no fence between the right of way and the street.

Some weeks before the injury complained of, train loads

of clay to be used in elevating the railroad tracks were thrown off from flat cars by a steam shovel upon the ground north of the railroad track. The pile of clay thus made extended from east to west from Wallace to Halsted street, two blocks. It varied in height from two to four feet and covered most of the ground between the north track and the south line of the street, and possibly, at some places, extended into the street. The neighborhood was thickly settled and from the time the clay was unloaded until plaintiff was injured, numbers of children were in the habit of playing upon the pile of clay, making clay pies, cakes and other such things, and, at times, they stood upon the pile and threw clay at passing trains, and with sticks punched cattle and hogs in the cars. The clay was left in the position where it was placed by the steam shovel and its surface was rough and uneven.

The plaintiff was eight years old when he was hurt and thirteen at the time of the trial. He was playing upon the clay pile alone, and a train of about twenty-five freight cars of the Wabash Company, a lessee of the Stock Yards Company, passed west on the north track of that company, moving very slowly. Plaintiff stood up and began touching the passing cars with his left hand, then he ran along by the side of the train, touching the cars and when all of the cars but two or three had passed him, he slipped and fell under the cars and received the injuries complained of.

The case was tried in the Circuit Court upon "an amended and substituted declaration," against appellees and the Wabash Company, containing three counts. The first count averred that the Stock Yards Company owned said railroad and that the other defendants, as its lessees, operated trains over it. It alleged that the defendants had in the operation of their road, brought a pile of clay to the tracks at this point, and that it extended along the right of way parallel to the north rail of the north railway track, gradually rising to a height of about four or five feet at a point three or four feet north of said rail; that this clay pile constituted an attraction for small children who lived in great numbers in

the neighborhood, and that appellees negligently failed to fence or wall the railway tracks or the dangerous and attractive premises, so that appellant was enabled to go upon the premises and did go upon them, and played on said clay bank; that appellant did not know the dangers of falling or being rolled under the trains; that a train operated by the Wabash Railroad Company over said tracks came past said bank and stopped preparatory to backing, and just before said train stopped and while it was moving slowly, appellant ran in play along on said bank of clay beside the train and stumbled and fell "upon aforesaid dangerous attraction" and rolled under the wheels of the train.

The second count set out an ordinance in relation to fencing railroad tracks, but as the ordinance was not admitted in evidence, and it is not argued by appellant that the court erred in excluding it, that count may be disregarded.

The third count averred in substance the same facts as set out in the first and that the defendants were bound to remove and level down said bank of clay for the protection of small children and plaintiff, but carelessly and negligently left the same, failed and omitted to do so, by reason of which the plaintiff, while playing thereon, stumbled and fell and was injured as set out in said first count.

The suit was dismissed as to the Wabash Company, and upon the trial an additional count was filed against appellees, which averred in substance the same facts as set forth in the third count, and further alleges that said bank of clay along said railway track extended outward therefrom and into said 49th street. That said bank of clay was an attraction for small children and that the plaintiff, while playing thereon, stumbled, slipped and fell and was injured as herein stated in other counts. That defendants knew or in the exercise of ordinary care should have known all of the foregoing facts and carelessly and negligently failed to level down or remove said clay bank.

To all the counts appellees pleaded not guilty.

It is not material to inquire whether any part of the clay was outside the right of way. At most, only a very small

part of it was upon the street and that part upon which plaintiff was, when he ran along by the side of the train, was certainly upon the right of way, for he was touching the cars as they passed when he slipped and fell.

"There is a class of cases which hold owners of land liable for injuries resulting to children although trespassing at the time, where, from the peculiar nature and open and exposed condition of the dangerous defect or agent, the owner should reasonably anticipate such injury to flow therefrom as actually happened." 1 Thompson on Negligence, 304.

The contention of appellant is that this case belongs to the class of cases above mentioned, commonly known as "turn table" or "allurement" cases. With this contention we cannot agree. A turn table, a cog wheel or any kind of machinery that may be put in motion by children, is attractive to them and is also dangerous. If left unguarded and unfastened the owner may reasonably anticipate that children will play with such machinery and will thereby be injured. The same is true of a pond of water with logs floating upon its surface; of a pile of lumber or other materials so defectively and insecurely laid and piled as to be in danger of falling. But the pile of clay in this case was not in itself unsafe or dangerous to children playing upon or with it. If the clay had contained any poisonous substance and the plaintiff while playing with it had been poisoned and injured; if it had been piled so high or in such a manner that it was in danger of caving in or falling and it had fallen upon plaintiff and injured him, then the case would be within the class of cases above mentioned. In all the cases of that class in which a recovery has been sustained, to which our attention has been called, the thing which constituted the allurement was dangerous and the injury to the plaintiff was caused thereby. In such case, if the circumstances are such that the owner of the premises on which such dangerous thing was, should reasonably anticipate that children would be attracted to such dangerous thing, and that if they had access thereto, they would or might be injured, the owner, by permitting such access to the dangerous thing, would be guilty of negli-

gence and answerable in damages to a child injured by such negligence. In such a case there is a natural and probable connection between the negligence of the owner in permitting children access to such dangerous thing, and the injury thereby occasioned. Here the pile of clay which constituted the allurement was not dangerous in its nature, nor was the injury to the plaintiff caused thereby, but plaintiff quit playing with the clay, attempted to run upon the pile of clay alongside of a moving train and in so doing fell under a car, was run over and injured. There was no natural and probable connection between the act of leaving the pile of clay where it was, and the injury which the plaintiff sustained.

The rule which would make the defendants liable to the plaintiff in this case would make owners of land liable for remote and improbable injuries to children happening while trespassing thereon.

In our opinion no duty rested upon the defendants, either to construct a safe and secure pathway on the top or on the side of the pile of clay, for children to walk or run upon, while engaged in "tagging" passing cars, or to erect a barrier between the pile of clay and the railroad track, and their failure to construct such pathway or to erect such barrier did not amount to or constitute negligence.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*